# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EARNEST FONTENOT**                                    **CIVIL ACTION**
**(DOC# 522555)**

**VERSUS**

**TERRY TERRELL, ET AL**                                **NO. 10-609-JJB-CN**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 21, 2011.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

EARNEST FONTENOT                                          CIVIL ACTION
(DOC# 522555)

VERSUS

TERRY TERRELL, ET AL                                      NO. 10-609-JJB-CN

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Earnest Fontenot ("Fontenot"). The State of Louisiana, through the Office of the District Attorney for the 21st Judicial District, Parish of Livingston ("the State"), has filed an opposition to Fontenot's habeas petition in the form of a motion to dismiss (R. Doc. 7).

## PROCEDURAL BACKGROUND

Fontenot was indicted on five (5) counts of aggravated incest and five (5) counts of aggravated rape in violation of La. R.S. 14:78.1 and La. R.S. 14:42 respectively in the 21st Judicial District, Parish of Livingston. On March 8, 2007, he pled guilty to all five (5) counts of aggravated incest and to five (5) counts of forcible rape in violation of La. R.S. 14:42.1. On that same date, he was sentenced to thirty (30) years imprisonment on each count, without the benefit of probation, parole, or suspension of sentence, with his sentences on each count to run concurrently. Fontenot did not appeal his conviction and sentence, and he did not file a motion for reconsideration of his sentence.

On July 14, 2008, Fontenot filed an application for post-conviction relief with the state trial court, which was denied on August 4, 2008. He then sought writs of review from

the Louisiana First Circuit Court of Appeals and the Louisiana Supreme Court, which writ applications were denied on March 23, 2009 and February 12, 2010 respectively. He also sought reconsideration by the Louisiana Supreme Court, which was denied on March 26, 2010. Finally, Fontenot filed his present habeas petition on September 9, 2010. The State has filed a motion seeking dismissal of Fontenot's habeas petition on the basis that it was untimely-filed.

## LAW & ANALYSIS

Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner in custody pursuant to the judgment of a state court has a one (1) year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A). As provided by §2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. §2244(d)(2).

As discussed above, in the present case, Fontenot pled guilty and was sentenced on March 8, 2007. For purposes of AEDPA, his convictions and sentences became final thirty (30) days later, on April 7, 2007, since he did not appeal or seek reconsideration of his sentence.[1] The one (1) year AEDPA limitations period then commenced to run and

---

[1] *See, Williams v. Louisiana,* 2011 WL 1527219 (E.D.La. 2011), *citing Roberts v. Cockrell*, 319 F.3d 690, 694-95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); La. C.Cr.P. art. 914.

expired on April 6, 2008, several months prior to Fontenot's filing of his post-conviction relief application in state court on July 14, 2008 and over two (2) years before he filed his federal habeas petition on September 9, 2010. Thus, the State is correct that Fontenot's habeas petition should be dismissed with prejudice as untimely-filed.[2]

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Dismiss (R. Doc. 7) filed by the State of Louisiana, through the Office of the District Attorney for the 21st Judicial District, Parish of Livingston, should be **GRANTED** and that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Earnest Fontenot should be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, July 21, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] Although the one-year AEDPA limitations period is subject to equitable tolling in "rare and exceptional circumstances," the petitioner bears the burden of establishing that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Fontenot has not demonstrated that either of those circumstances exist in his case so as to warrant equitable tolling of the limitations period.